MARTHA B. KIDDER *vs.* INHABITANTS OF DUNSTABLE.

A town is not liable to a person injured by the combined effect of a defect in the highway and the negligence of a third person.

ACTION OF TORT to recover damages for an injury sustained by the plaintiff from a defect in a highway of the town of Dunstable.

At the trial before *Metcalf*, J., the evidence tended to prove that the highway at the time of the injury was covered with a deep drift of snow, for about forty rods, and a path of five or six feet in width had been made through this drift. The plaintiff was passing in a sleigh on this path at evening, and met a one horse sled with stakes at its sides, driven by Ward Coburn. Coburn and the driver of the sleigh each turned to the right upon the snow as far as he thought he could without upsetting, but the sleigh was upset and the plaintiff thereby injured. Coburn testified that he believed one of the stakes of his sled struck the top of the back part of the sleigh and overturned it.

The defendant asked the court to instruct the jury " that if they believed the accident was caused, in whole or in part, by the carelessness or negligence of Coburn, the plaintiff could not recover."

The court declined so to rule, and instructed the jury " that if the accident were caused solely by said Coburn's negligence the plaintiff could not recover in this action, but her remedy was against Coburn only."

The jury returned a verdict for the plaintiff, and the judge reported the case to the full court.

*T. Wentworth*, for the defendants, cited *Moore* v. *Abbot*, 32 Maine, 46; *Palmer* v. *Andover*, 2 Cush. 600; *Flower* v. *Adam*, 2 Taunt. 314; *Smith* v. *Smith*, 2 Pick. 621; *Lane* v. *Crombie* 12 Pick. 177; *Howard* v. *Bridgewater*, 16 Pick. 189.

*D. S. Richardson*, for the plaintiff, cited *Palmer* v. *Andover*, 2 Cush. 600; *Hunt* v. *Pownal*, 9 Verm. 418.

DEWEY, J.   This case, although differing in its facts, present

substantially the same question considered in the case of *Rowell* v. *Lowell,* decided at the present term, *ante,* 100. That question is, whether if the injury results from the combined effect of a defect in the highway, and the carelessness or negligence of some third person, the town is responsible.

The alleged defect in the highway here was the neglect to remove the snow therefrom, and the injury is alleged to have arisen by the upsetting of the sleigh in which the plaintiff was travelling upon the road. It appears by the facts stated that the plaintiff, while thus travelling on the road, met Ward Coburn, driving a one horse sled with stakes on the sides; and, as Coburn testifies, he believes that, as he drove forward, the stakes in his sled struck the top of the back part of the sleigh of the plaintiff and overturned it; he having turned to the right as far as he could do safely on account of the snow in the road.

The defendant however contended that the injury was caused wholly, or in part, by the carelessness or negligence of Coburn, and asked the court to instruct the jury that, if such was the case, the plaintiff could not recover. This prayer for instruction was refused. The case stated by the defendant was one of injury resulting from the combined effect of two distinct causes, and one of those proceeding from a third person, who would be responsible for any injuries he might unlawfully occasion.

The court are of opinion that if this injury was caused wholly by Coburn, or was the combined result of a defect in the highway, and carelessness and negligence on the part of Coburn in driving his vehicle, whereby the stakes in his sled struck the sleigh of the plaintiff and overturned it, the defendants are not chargeable therefor.　　　　　　　　　*New trial ordered.*